**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ENGAGE HEALTHCARE COMMUNICATIONS, LLC., *et al.*, | Civil Action No. 12-787 (FLW)(LHG) |
| Plaintiffs, | |
| v. | **ORDER ACCEPTING**<br>**REPORT AND RECOMMENDATION** |
| INTELLISPHERE, LLC., *et al.*, | |
| Defendants. | |

This matter has been opened to the Court upon the Report and Recommendation of Special Master Marc E. Wolin, Esq. [Docket Entry No. 221], recommending that Plaintiffs' application for reconsideration of Special Master Order No. 7 [Docket Entry No. 219] be denied. Pursuant to the Order Appointing Special Master, a party wishing to object to a Special Master's recommendation was to file a motion with the Court within 21 days of filing of the Report and Recommendation. [Docket Entry No. 205 at ¶6]. No objection has been filed in response to the Report and Recommendation or the accompanying Order [Docket Entry No. 222] filed by the Special Master.

According to the Report and Recommendation, Plaintiffs filed a request to have the Special Master reconsider Order No. 7, which set forth a timeframe requiring Plaintiffs to identify what additional discovery was needed regarding the unresolved issue of whether the trademarks described in the First Amended Complaint had acquired secondary meaning [Docket Entry No. 221 at 1-2]. Special Master Order No. 7 arose from Defendants' request to file a motion for partial summary judgment, *id.*, and the timeframe provided in the order reflected Plaintiffs' own assertions regarding the amount of time needed to provide the requested information. *Id.* at 4-5. On May 22, 2017, the Special Master made a verbal ruling and created a timeframe which would require Plaintiffs to compile a list of the required

discovery by June 5, 2017. *Id.* On May 30, 2017, this ruling was memorialized as Special Master Order No. 7. *Id.* at 5. On June 1, 2017, Plaintiffs requested that the Special Master reconsider Special Order No. 7, and the Special Master stayed the order while Plaintiffs' request was under consideration. *Id.* Per the Special Master, Plaintiffs have not articulated a sufficient basis to reconsider the timeframe reflected in Order No. 7, and have not met the high burden of demonstrating that Order No. 7 should be vacated. *Id.* at 5-6.

No party has filed an objection to the Special Master's Report and Recommendation and accompanying Order. Therefore, the Court adopts the Report and Recommendation and the accompanying Order of the Special Master.

For the foregoing reasons, and for good cause shown,

**IT IS** on this day **16th** of **August, 2017,**

**ORDERED** that the Court **ACCEPTS** and **ADOPTS** the Special Master's ruling as articulated in the Report and Recommendation and accompanying Order [Docket Entry Nos. 221-222]; accordingly, Plaintiffs' Application for Reconsideration of Special Master Order No. 7 [Docket Entry No. 219] is **DENIED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**