# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENGAGE HEALTHCARE COMMUNICATIONS, LLC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTELLISPHERE, LLC., *et al.*, <br><br> Defendants. | Civil Action No. 12-787 (FLW)(LHG) <br><br><br> **ORDER ACCEPTING** <br> **REPORT AND RECOMMENDATION** |

This matter has been opened to the Court upon the Report and Recommendation of Special Master Marc E. Wolin, Esq. [Docket Entry No. 215], recommending that the application by Defendants Intellisphere LLC, *et al.* ("Defendants") to overrule the objections of Plaintiffs Engage Health Care Communications, *et al.* ("Plaintiffs") regarding Defendants' redaction of content responsive to Plaintiffs' document requests be denied. The Special Master further recommends that the parties meet and confer to resolve disputes regarding the redacted documents, and that any documents for which an agreement is not reached be submitted to the Special Master for *in camera* review. *Id.* at 3. Pursuant to the Order Appointing Special Master, a party wishing to object to a Special Master's recommendation was to file a motion with the Court within 21 days of filing of the Report and Recommendation. [Docket Entry No. 205 at ¶6]. No objection has been filed in response to the Report and Recommendation or the accompanying Order [Docket Entry No. 216] filed by the Special Master.

According to the Report and Recommendation, on February 20, 2017, Defendants filed a letter brief requesting that the Special Master rule that they did not need to unredact information

they deemed irrelevant to the case. [Docket Entry No. 215 at 2]. Defendants emphasized the "highly sensitive" nature of the redacted information, asserting that its disclosure could potentially damage their business, as opposing counsel represents Plaintiffs in various capacities outside of this litigation. *Id.* at 2-3. Plaintiffs contended, in response, that case law forbids Defendants from redacting otherwise discoverable documents, and that the multifaceted roles of Plaintiffs' counsel did not constitute sufficient reason to permit Defendants' unilateral redactions. *Id.* at 3.

No party has filed any objection to the Special Master's Report and Recommendation and accompanying Order. Therefore, the Court adopts the Report and Recommendation and the accompanying Order of the Special Master.

For the foregoing reasons, and for good cause shown,

**IT IS** on this day **23rd August**, **2017**,

**ORDERED** that that the Court **ACCEPTS** and **ADOPTS** the Special Master's Report and Recommendation and accompanying order [Docket Entry Nos. 215-216], such that Defendants' application is **DENIED**; and it is further

**ORDERED** that the parties shall meet and confer forthwith to resolve, to the extent possible, disputes as to the relevant documents; and it is further

**ORDERED** that Plaintiffs shall promptly designate for *in camera* review by the Special Master all documents upon which agreement cannot be reached.

 **LOIS H. GOODMAN**
 **United States Magistrate Judge**