**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ENGAGE HEALTHCARE COMMUNICATIONS, LLC.,** *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>**INTELLISPHERE, LLC.,** *et al.,*<br><br>Defendants. | Civil Action No. 12-787 (FLW)(LHG)<br><br><br>**ORDER ACCEPTING AND MODIFYING REPORTS AND RECOMMENDATIONS OF <u>SPECIAL MASTER</u>** |

      This matter has been opened to the Court upon Plaintiffs' Objections dated November 8, 2017 ("Objections") [Docket Entry No. 254], with regard to certain Reports and Recommendations, as well as the implementing Orders, entered on the docket by Special Master Marc E. Wolin, Esq. ("Special Master"). Also before the Court is Plaintiffs' Motion for Extension of time. [Docket Entry No. 248]. Both the Objections and the Motion have been opposed by Defendants.

      By Order dated August 11, 2016, this Court appointed the Special Master to address discovery disputes as they arise in this case. [Docket Entry No. 205]. Pursuant to the Order Appointing Special Master, a party wishing to object to the Special Master's recommendation must file a motion with the Court within 21 days of filing of the Report and Recommendation. [Docket Entry No. 205 at ¶6].

      On October 30, 2017, the Special Master issued a Report and Recommendation and implementing Order No. 15, which, *inter alia*, granted Defendants' application to compel testimony from Plaintiffs' Rule 30(b)(6) designee with regard to the timing of acquisition of secondary meaning for Plaintiffs' marks at issue in the case, and also denied Plaintiffs'

application to compel Defendants to identify when their marks were first used. [Docket Entry No. 245 (Report and Recommendation No. 15) and Docket Entry No. 246 (Order)].

Then on November 1, 2017, the Special Master issued another Report and Recommendation, accompanied by Order No. 16, which, *inter alia*, granted in part and denied in part Defendants' motion to quash certain notices of deposition. [Docket Entry No. 249 (Report and Recommendation No. 16) and Docket Entry No. 250 (Order)].

On November 8, 2017, Plaintiffs timely filed objections in response to the Reports and Recommendations and accompanying Orders Nos. 15 and 16 entered by the Special Master. [Docket Entry No. 254]. Defendants responded to Plaintiffs' objections on November 10, 2017, advising the Court that they would rely upon their submissions to the Special Master rather than rebriefing the issues. *See* November 10, 2017 Letter ("Defendants' Letter") at 1 [Docket Entry No. 257].

With regard to Report and Recommendation No. 15, Plaintiffs argue that the date of acquisition of secondary meaning is irrelevant. According to Plaintiffs, only the date of Defendants' first alleged infringing use matters. *See* Plaintiffs' brief in support of Objections at 1, 14 ("Plaintiffs' Brief") ("…the only applicable date for determining secondary meaning is the date on which the defendant began its use of the allegedly infringing name.") [Docket Entry No. 254-1 (redacted); Docket Entry No. 255-1 (unredacted, under seal)]. Plaintiffs do not object to the denial of their request that Defendants be compelled to list Defendants' dates of first use in commerce for certain trademarks at issue. Plaintiffs' Brief n.3.

Plaintiffs' objections to Report and Recommendation No. 16 arise from the grant of Defendants' application to quash Plaintiffs' deposition notice to the person in charge of Defendants' website, whose deposition Plaintiffs seek with regard to alleged false specimens

they say were inserted on the website. They also object to the extent the Special Master granted in part and denied in part Defendants' application to quash Plaintiffs' amended deposition notice to Michael Hennessey. With regard to the Hennessey deposition, although the Special Master allowed the deposition to go forward, he limited it to two hours and outlined the scope; it is the time limitation and limited scope that are the subject of Plaintiffs' objection. [Docket Entry Nos. 249, 254]. Also, in Report and Recommendation No. 16, the Special Master required Defendants to provide Plaintiffs with a certification as to the dates that the trademarks identified in Plaintiffs' October 26, 2017 email were first inserted into Defendants' website. No objections were filed with respect to this requirement.

The Court has reviewed the submissions by both parties, as well as the Reports and Recommendations at issue. The Court is satisfied that the Special Master appropriately ruled on the two discovery issues presently before this Court with regard to Report and Recommendation No. 16. This Report and Recommendation addressed Defendants' motion to quash certain deposition notices; the Court finds that the Special Master appropriately considered and analyzed the circumstances and timing of the notices and finds no abuse of discretion.[1]

With regard to Report and Recommendation No. 15, the Court believes a modification is necessary. Specifically, whereas the Court agrees with the Special Master that "Plaintiffs have the affirmative duty to demonstrate that their marks were entitled to protection at the time that Defendants were using the allegedly infringing marks." (Report and Recommendation No. 15 at 6), this Court is not satisfied that Plaintiffs should be required to provide the exact date that their

---

[1] Fed.R.Civ.P. 53(f)(5)("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."); *Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219 *1 (D.N.J. 2014)(finding a special master's ruling on discovery disputes was procedural and therefore subject to an abuse of discretion standard.).

3

marks acquired secondary meaning.  Defendants even acknowledge in their October 23, 2017 letter to the Special Master that "secondary meaning must be established as of the date of any alleged infringement, *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1232 (3d Cir. 1978). . . ."  Exhibit 1 to Defendants' Letter at 1 [Docket Entry No. 257-1].  Accordingly, to the extent Report and Recommendation No. 15 requires Plaintiffs to provide testimony as to when Plaintiffs' marks first acquired secondary meaning, this shall be modified such that Plaintiffs' Rule 30(b)(6) designee shall be prepared to answer questions as to whether Plaintiffs assert that their marks had acquired secondary meaning as of the time of Defendants' first actual use, and the bases for that assertion.  For the reasons stated in Report and Recommendation Nos. 15 and 16, and as modified above, this Court adopts Report and Recommendation Nos. 15 and 16.

In order for the parties to complete the additional discovery as set forth in Report and Recommendation Nos. 15 and 16, the Court will grant in part Plaintiffs' Motion for Extension of Time to Complete Discovery [Docket Entry No. 248], such that fact discovery will be extended until January 12, 2018 for the limited purpose of completing the discovery allowed in this Order.  Dispositive motions shall be filed on or before February 9, 2018, to be made returnable March 5, 2018.  Defendants have advised that no expert reports have been served and Plaintiffs have not provided any indication to the contrary.  Accordingly, the dates for expert deposition will not be extended.

**IT IS** on this **21st** day **December**, **2017**,

**ORDERED** that the Court **ACCEPTS** and **ADOPTS** the Special Master's Reports and Recommendations and affirms Order Nos. 15 and 16, as modified above [Docket Entry Nos. 245 and 249]; and it is further

**ORDERED** that Plaintiffs' Motion for Extension of Time to Complete Discovery [Docket Entry No. 248] is **GRANTED IN PART and DENIED IN PART** as follows:

Any remaining fact discovery, consistent with this Order, shall be completed by no later than **January 12, 2018**;

Dispositive motions shall be filed on or before **February 9, 2018**, to be made returnable **March 5, 2018**; and

The request to extend the date for expert depositions is **DENIED**.

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**